## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## <u>JACKSONVILLE DIVISION</u>

In re                                                    )

MARILYN M. HOLLAN,                                       )          Case No.  3:12-bk-02937-JAF

     Debtor.                   )          Chapter 11

                       )

## ORDER CONFIRMING DEBTOR'S
## <u>AMENDED CHAPTER 11 PLAN OF REORGANIZATION</u>

This Chapter 11 case came before the Court for consideration of the Amended Chapter 11 Plan of Reorganization (the "Plan") [Docket No. 139] filed by the debtor, Marilyn M. Hollan ("Debtor").  Evidentiary hearings on the matter were held on April 22, 2013 and August 6, 2013.

The Court having: (i) issued an Order on April 10, 2013, (the "Disclosure Statement Order") [Docket No. 106] conditionally approving the Disclosure Statement for the Plan (the "Disclosure Statement) [Docket No. 102]; (ii) conducted the Confirmation Hearing;  (iii) considered all evidence submitted with respect to confirmation of the Plan and approval of the Disclosure Statement; (iv) reviewed and considered the Plan, the Disclosure Statement, and the Ballot Tabulation filed on June 4, 2013 [Docket No. 118]; (v) reviewed and being fully familiar with, and having taken judicial notice of, the entire record of this Bankruptcy Case since the commencement of this Bankruptcy Case; and (vi) upon all of the proceedings had before the Court and upon the entire record of the Confirmation Hearing, determined based upon all of the foregoing that the Disclosure Statement should be granted final

approval and that the Plan complies with § 1129 of the Bankruptcy Code, and, as reflected by the Court's rulings made herein and on the record of the Confirmation Hearing;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.     This Court has jurisdiction over this Chapter 11 case pursuant to §§ 157 and 1334 of title 28 of the United States Code.   Venue is proper pursuant to §§ 1408 and 1409 of title 28 of the United States Code.   Confirmation of the Plan is a core proceeding pursuant to § 157(b)(2)(L) of title 28 of the United States Code, and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.     The Disclosure Statement satisfies the requirements of § 1125 of the Bankruptcy Code and contains adequate information to permit creditors and parties in interest to make an informed decision on whether to accept or reject the Plan.

C.     The Disclosure Statement, the Plan, Ballots, and notice of the Confirmation Hearing, were transmitted and served as set forth in the Certificate of Service [Docket No. 107] in compliance with the Disclosure Statement Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient, and no other or further notice is or shall be required.

D.     The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.

E.     Notice of the Confirmation Hearing and the solicitation of votes on the Plan complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of the Debtor's Chapter 11 Case, and was in

compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

F.    The Debtor and her attorneys have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

G.    The Claims and Interests placed in each Class are substantially similar to the other Claims or Interests, as the case may be, in such Class.   Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests  Thus the Plan satisfies §§ 1122 and 1123(a)(1) of the Bankruptcy Code.

H.    The Plan specifies that Classes 1, 2, and 3 are unimpaired under the Plan and that Classes 4 through 30 are impaired under the Plan, thereby satisfying §§ 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code.

I.    The Plan provides for the same treatment by the Debtor for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying § 1123(a)(4) of the Bankruptcy Code.

J.    The Plan complies with the applicable provisions of Chapter 11 of the Code, thereby satisfying § 1129(a)(l) of the Bankruptcy Code.

K.    The Debtor, as proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(2) of the Bankruptcy Code.

L.    The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying § 1129(a)(3) of the Bankruptcy Code. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate for the benefit of creditors and other parties in interest.

M.    Any payment made or to be made by the Debtor for services or for costs in or in connection with this Bankruptcy Case has been, or will be, approved by, this Court as reasonable, thereby satisfying § 1129(a)(4) of the Bankruptcy Code.

N.    The Plan has been accepted by all Classes of Claims and Interests in the Plan in accordance with § 1126 of the Bankruptcy Code.

O.    The treatment of Administrative Expenses, Priority Non-Tax Claims, and Priority Tax Claims under the Plan satisfies requirements of §§ 1129(a)(9)(A), (B) and (C) of the Bankruptcy Code.

P.    Classes 1, 2 and 3 were unimpaired or ineligible to vote. The Plan was accepted by Classes 12, 17, 18, 19, 20, 29 and 30, all of which are impaired classes. Section 1129(a)(10) of the Code is thus satisfied.

Q.    Classes 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 21, 22, 23 and 24 did not accept the Plan. However, as previously determined, the Plan provides each of the creditors in the Non-Accepting Classes will either (i) retain their liens and receive cash payments totaling at least the allowed amount of such claims, or (ii) realize the indubitable equivalent of their secured claims. The Plan is thus fair and equitable with respect to the dissenting or non-voting classes and may be confirmed pursuant to 11 U.S.C. § 1129(b).

R.      The Debtor reached agreement with Classes 4, 5, 13 14, 15, 16, 25, 26, 27 and 28 for treatment of their claims, as set forth more fully below, which such treatment is substantially consistent with the treatment of those claims under the Plan and which will not materially impact the feasibility analysis set forth in the Debtor's Disclosure Statement.

S.      The value attributed to the collateral securing Classes 4, 5, 6, 7, 15, 16, 21, 22, 23 and 24 was adequate under the Plan and that the treatment of those classes was fair and equitable, thereby allowing for confirmation of the Plan over the objection of these classes under 11 U.S.C. § 1129(b).

T.      The Debtor's projected income is sufficient to fund the Plan, and that income appears stable.  The Court thus finds that the Plan is feasible, and confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor.   Section 1129(a)(11) is satisfied.

U.      All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for the payment of all such fees on the Effective Date of the Plan.  Section 1129(a)(12) is satisfied.

V.      The Debtor does not maintain a retirement plan.  Section 1129(a)(13) is therefore inapplicable.

W.      The Debtor is not required to pay any domestic support obligation. Section 1129(a)(14) is therefore inapplicable.

X.      With respect to 11 U.S.C. § 1129(a)(15), no holder of an allowed unsecured claim has objected to the proposed distributions to unsecured creditors. Section 1129(a)(15) is not therefore implicated.

Y.    The modifications announced in open Court do not materially alter the Amended Plan of Reorganization served April 17, 2013, and such modifications do not impact feasibility of the Plan.  It is not necessary therefore that the Debtors re-solicit acceptances or rejections of the Plan.

Z.    The provisions of the Plan, including the releases contemplated by the Plan, are necessary, appropriate and consistent with the applicable provisions of the Bankruptcy Code.

AA.    As required by Bankruptcy Rule 3016(a), the Plan is dated and identifies the Plan proponent.

BB.    The Plan is feasible.

CC.    Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the reorganized debtors.

DD.    The Plan is fair and equitable with regard to its treatment of impaired and dissenting creditors.

EE.    All United States Trustee fees have been paid or will be paid thereby satisfying § 1129(a)(12) of the Bankruptcy Code.

**ACCORDINGLY, IT IS ORDERED:**

1.    The Disclosure Statement is approved.

2.    The Plan, a copy of which is attached hereto as **Exhibit A**, is confirmed as modified in paragraphs 3 through 12 below.

3.      Article VIII, Class 4, dealing with the treatment of NationStar Mortgage, LLC's Class 4 Allowed Secured Claim, is modified and replaced in its entirety as follows:

> On the Petition Date, Debtor was indebted to NationStar in the approximate amount of $108,633.31, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 232. The property which secures NationStar's Claim has a value of $57,500, which shall constitute NationStar's Allowed Secured Claim. NationStar's Class 4 Allowed Secured Claim shall be paid in monthly installments of $317.52 over 30 years, which includes interest of 5.25% per annum. In addition, the Debtor will pay escrow of $128.06 per month for taxes and insurance to NationStar, subject to periodic review and adjustment. NationStar shall retain its lien until its Class 4 Allowed Secured Claim is paid in full. Post-petition taxes and insurance advanced by Lender shall be paid by the Debtor within 30 days of the Effective Date. NationStar's Deficiency Claim of $51,133.31 shall be paid as a Class 30 General Unsecured Claim. The loan documents remain in full force and effect as otherwise modified herein, without the need for further modification of documents. If this Chapter 11 case is dismissed or converted, the modified terms are void.

4.      Article VIII, Class 5, dealing with the treatment of NationStar Mortgage, LLC's Class 5 Allowed Secured Claim, is modified and replaced in its entirety as follows:

> On the Petition Date, Debtor was indebted to NationStar in the approximate amount of $110,570.69, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 235. The property which secures NationStar's Claim has a value of $57,500, which shall constitute NationStar's Allowed Secured Claim. NationStar's Class 5 Allowed Secured Claim shall be paid in monthly installments of $317.52 over 30 years, which includes interest of 5.25% per annum. In addition, the Debtor will pay escrow of $128.06 per month for taxes and insurance to NationStar, subject to periodic review and adjustment. NationStar shall retain its lien until its Class 5

Allowed Secured Claim is paid in full. Post-petition taxes and insurance advanced by Lender shall be paid by the Debtor within 30 days of the Effective Date. NationStar's Deficiency Claim of $53,040.69 shall be paid as a Class 30 General Unsecured Claim. The loan documents remain in full force and effect as otherwise modified herein, without the need for further modification of documents. If this Chapter 11 case is dismissed or converted, the modified terms are void.

5.    Article VIII, Class 13, dealing with the treatment of IberiaBank's Class 13

Allowed Secured Claim, is modified and replaced in its entirety as follows:

On the Petition Date, Debtor was indebted to IberiaBank in the approximate amount of $42,473.94, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 217. This amount shall constitute IberiaBank's Allowed Secured Claim. IberiaBank's Class 13 Allowed Secured Claim shall be paid in monthly installments of $242.16 over 25 years, which includes interest of 4.75% per annum. This obligation shall mature in October 2023, and all remaining principal due under IberiaBank's Class 13 Allowed Secured Claim, together with accrued and unpaid interest theron, shall be due and payable as of that date. IberiaBank shall retain its lien until its Class 13 Allowed Secured Claim is paid in full. Post-petition taxes and insurance shall be paid by the Debtor within 60 days of the Effective Date. IberiaBank's Deficiency Claim shall be paid as a Class 30 General Unsecured Claim.

6.    Article VIII, Class 14, dealing with the treatment of Sutherland Asset I,

LLC's Class 14 Allowed Secured Claim, is modified and replaced in its entirety as

follows:

On the Petition Date, Debtor was indebted to Sutherland Asset I, LLC in the approximate amount of $299,509.37, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Units 200 - 203. Sutherland currently has operation control over the property and shall surrender same to Debtor on the Effective Date. The property which secures Sutherland's Claim has a value of $217,500, which shall constitute

-8-

Sutherland's Allowed Secured Claim. Sutherland's Class 14 Allowed Secured Claim shall be paid in monthly installments of $1,240.01, amortized over 25 years at an interest rate of 4.75% per annum, with the first payment being made thirty (30) days after the Effective Date, and continuing monthly thereafter. This obligation shall mature on April 22, 2023, and all remaining principal due under Sutherland's Class 14 Allowed Secured Claim, together with accrued and unpaid interest theron, shall be due and payable as of that date. Sutherland shall retain its lien until its Class 14 Allowed Secured Claim is paid in full. Sutherland's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

7.    Article VIII, Class 15, dealing with the treatment of NationStar Mortgage, LLC's Class 15 Allowed Secured Claim, is modified and replaced in its entirety as follows:

On the Petition Date, Debtor was indebted to NationStar in the approximate amount of $106,050.94, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 233. The property which secures NationStar's Claim has a value of $57,500, which shall constitute NationStar's Allowed Secured Claim. NationStar's Class 15 Allowed Secured Claim shall be paid in monthly installments of $317.52 over 30 years, which includes interest of 5.25% per annum. In addition, the Debtor will pay escrow of $128.06 per month for taxes and insurance to NationStar, subject to periodic review and adjustment. NationStar shall retain its lien until its Class 15 Allowed Secured Claim is paid in full. Post-petition taxes and insurance advanced by Lender shall be paid by the Debtor within 30 days of the Effective Date. NationStar's Deficiency Claim of $48,450.94 shall be paid as a Class 30 General Unsecured Claim. The loan documents remain in full force and effect as otherwise modified herein, without the need for further modification of documents. If this Chapter 11 case is dismissed or converted, the modified terms are void.

8.    Article VIII, Class 16, dealing with the treatment of NationStar Mortgage,

LLC's Class 16 Allowed Secured Claim, is modified and replaced in its entirety as

follows:

> On the Petition Date, Debtor was indebted to NationStar in
> the approximate amount of $108,964.92, with respect to the
> real property and improvements located at 1188 Gano
> Avenue, Orange Park, Florida, Unit 234.  The property
> which secures NationStar's Claim has a value of $57,500,
> which shall constitute NationStar's Allowed Secured
> Claim.  NationStar's Class 16 Allowed Secured Claim
> shall be paid in monthly installments of $317.52 over 30
> years, which includes interest of 5.25% per annum.  In
> addition, the Debtor will pay escrow of $128.06 per month
> for taxes and insurance to NationStar.  NationStar shall
> retain its lien until its Class 16 Allowed Secured Claim is
> paid in full.  Post-petition taxes and insurance advanced by
> Lender shall be paid by the Debtor within 30 days of the
> Effective Date.    NationStar's Deficiency Claim of
> $51,464.92 shall be paid as a Class 30 General Unsecured
> Claim.  The loan documents remain in full force and effect
> as otherwise modified herein, without the need for further
> modification of documents.  If this Chapter 11 case is
> dismissed or converted, the modified terms are void.

9.    Article VIII, Class 25, dealing with the treatment of VyStar Credit Union's

Class 25 Allowed Secured Claim, is modified and replaced in its entirety as follows:

> On the Petition Date, Debtor was indebted to VyStar in the
> approximate amount of $340,457.92, with respect to the
> real property and improvements located at 1188 Gano
> Avenue, Orange Park, Florida, Units 208 - 211.  The
> property which secures VyStar's Claim has a value of
> $230,000, which shall constitute VyStar's Allowed Secured
> Claim.  VyStar's Class 25 Allowed Secured Claim shall be
> paid in monthly installments of $1,311.28, amortized over
> 25 years at an interest rate of 4.75% per annum.  This
> obligation shall mature in October 2023, and all remaining
> principal due under VyStar's Class 25 Allowed Secured
> Claim, together with accrued and unpaid interest theron,
> shall be due and payable as of that date.  VyStar shall
> retain its lien until its Class 25 Allowed Secured Claim is
> paid in full.  VyStar's Deficiency Claim, if any, shall be

paid as a Class 30 General Unsecured Claim. Debtor shall execute new loan documents with VyStar, reflecting the terms of the parties' agreement, on or before the Effective Date.

10.     Article VIII, Class 26, dealing with the treatment of VyStar Credit Union's

Class 26 Allowed Secured Claim Allowed Secured Claim, is modified and replaced in its

entirety as follows:

On the Petition Date, Debtor was indebted to VyStar in the approximate amount of $361,541.88, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Units 212 - 215. The property which secures VyStar's Claim has a value of $230,000, which shall constitute VyStar's Allowed Secured Claim. VyStar's Class 26 Allowed Secured Claim shall be paid in monthly installments of $1,311.28, amortized over 25 years at an interest rate of 4.75% per annum. This obligation shall mature in October 2023, and all remaining principal due under VyStar's Class 26 Allowed Secured Claim, together with accrued and unpaid interest theron, shall be due and payable as of that date. VyStar shall retain its lien until its Class 26 Allowed Secured Claim is paid in full. VyStar's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim. Debtor shall execute new loan documents with VyStar, reflecting the terms of the parties' agreement, on or before the Effective Date.

11.     Article VIII, Class 27, dealing with the treatment of VyStar Credit Union's

Class 27 Allowed Secured Claim Allowed Secured Claim, is modified and replaced in its

entirety as follows:

On the Petition Date, Debtor was indebted to VyStar in the approximate amount of $365,039.27, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Units 236 – 239. The property which secures VyStar's Claim has a value of $230,000, which shall constitute VyStar's Allowed Secured Claim. VyStar's Class 27 Allowed Secured Claim shall be paid in monthly installments of $1,311.28, amortized over 25 years at an interest rate of 4.75% per annum. This

obligation shall mature in October 2023, and all remaining principal due under VyStar's Class 27 Allowed Secured Claim, together with accrued and unpaid interest theron, shall be due and payable as of that date. VyStar shall retain its lien until its Class 27 Allowed Secured Claim is paid in full. VyStar's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim. Debtor shall execute new loan documents with VyStar, reflecting the terms of the parties' agreement, on or before the Effective Date.

12.     Article VIII, Class 28, dealing with the treatment of VyStar Credit Union's Class 28 Allowed Secured Claim Allowed Secured Claim, is modified and replaced in its entirety as follows:

On the Petition Date, Debtor was indebted to VyStar in the approximate amount of $366,609.95, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Units 240 - 243. The property which secures VyStar's Claim has a value of $230,000, which shall constitute VyStar's Allowed Secured Claim. VyStar's Class 28 Allowed Secured Claim shall be paid in monthly installments of $1,311.28, amortized over 25 years at an interest rate of 4.75% per annum. This obligation shall mature in October 2023, and all remaining principal due under VyStar's Class 28 Allowed Secured Claim, together with accrued and unpaid interest theron, shall be due and payable as of that date. VyStar shall retain its lien until its Class 28 Allowed Secured Claim is paid in full. VyStar's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim. Debtor shall execute new loan documents with VyStar, reflecting the terms of the parties' agreement, on or before the Effective Date.

13.     The Plan and its provisions shall be binding upon the Debtor and any creditor of the Debtor, whether or not the Claim of such creditor is impaired under the Plan and whether or not such creditor has accepted the Plan, whose claim arose prior to the entry of this order.

14.     Distributions required to be made to the holders of all Claims pursuant to the Plan shall be made to the persons and entities entitled thereto as provided in the Plan upon the Effective Date or as soon thereafter as is practicable unless such Claims are objected to in accordance with the provisions of the Plan or this Order.

15.     Except as provided in the Plan, all property of the Debtor and all payments and distributions made or to be made under the Plan are free and clear of all Claims of creditors of the Debtor.

16.     Upon completion of all payments to Class 30 General Unsecured Creditors under the Plan, the Debtor will receive a discharge of all pre-confirmation debts, whether or not the creditor files a Proof of Claim, accepts the Plan, or has an Allowed Claim. The automatic stay of § 362(a) will continue in effect with respect to the Debtor and her property until the discharge is entered, and shall thereafter be replaced with the discharge injunction of § 524 of the Bankruptcy Code.  Upon entry of the discharge, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim or other debt or liability that is discharged under the Plan, shall be permanently enjoined from taking any of the following actions against the Debtor or her property on account of any such discharged Claims, debts, or liabilities or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching; collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtor; (v) assessing any post-petition charges, fees or costs with respect to any Claim; or (vi) commencing or continuing any action, in each such case in any manner, in any place,

-13-

or against any Person, that does not comply with or is inconsistent with the provisions of the Plan.

17.    All property of the Estate will vest in the Debtor pursuant to § 1141(b) of the Bankruptcy Code, subject only to the liens and security interests held by the lenders identified in Classes 4 through 29, but free and clear of any and all other liens and encumbrances to secure the payment or repayment of any sum of money or the performance of any obligation.    The liens and security interests of creditors in Classes 4 through 29 shall only be valid to the extent of the creditor's Allowed Secured Claim as defined by the Plan or determined by express Order of this Court prior to the entry of this Order.    No creditor shall be allowed to add, include or collect any late charges, penalties, default interest or attorney fees with respect to any Claim unless specifically authorized by order of the Bankruptcy Court prior to the entry of this Order.

18.    Payments of, distributions to, and other treatment of the Claims of all creditors provided for in the Plan, and paid in accordance with the Plan, shall be deemed to be in complete satisfaction, discharge, and release of such Claims.    Any default by the Debtor with respect to any Claim that existed immediately prior to or on account of the filing of the Chapter 11 case shall be deemed cured on the Effective Date, with the payment provisions thereof replaced in their entirety by the provisions of this Plan.

19.    Pursuant to § 522(c) of the Bankruptcy Code and except as provided in the Plan, all property which is exempt on the Petition Date shall not be subject to the Claims of creditors holding prepetition Claims against the Debtor.

20.    Following confirmation, the Debtors shall be entitled to purchase or sell property, incur debt or engage in any investment or business activity which they deem

appropriate without the necessity of obtaining Bankruptcy Court approval or modification of the Plan.  Any income earned by the Debtors following the entry of the Confirmation Order shall not be deemed property of the Estate.

21.    Each creditor of the Debtor whose Claim is dealt with, discharged or whose rights are waived or released by the Plan or who otherwise had actual notice of the Bankruptcy Case prior to enter of this Order is hereby jointly and severally restrained and enjoined from instituting or continuing any action or employing any process to collect such debts, enforce such rights, or pursue such interests or recover any payments from the Debtor except as provided in the Plan.

22.    Confirmation of the Plan does not invalidate, terminate or reject any insurance policy, whether pre-petition or post-petition, of the Debtor and all such policies remain in effect under their terms.

23.    All persons or entities which are parties to adversary proceedings or contested matters pending before this Court, which are not finally determined as of the date of this Order, are restrained and enjoined from commencing any other proceedings or taking any other action against the Debtor with respect to any issue raised in such adversary proceedings or contested matter, except upon further order of this Court.

24.    The Debtor or any other party in interest may file, within sixty (60) days from the date hereof, any and all objections to the allowance of any Claim not heretofore objected to and unless otherwise prohibited by express agreement with Debtor.

25.    The Debtor shall timely pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within 30 days of the entry of this Order for

pre-confirmation periods and simultaneously file with the Court the appropriate financial report indicating the cash disbursements for the relevant period.

26.    The Debtor shall continue to pay quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as this Bankruptcy Court enters a Final Decree closing this Chapter 11 case, or enters an order converting, dismissing, or administratively closing this case.

27.    The Debtor shall file with the Bankruptcy Court post-confirmation financial report or statement of disbursements for each quarter (or portion thereof) that this Chapter 11 case remains open, in a format prescribed by the United States Trustee. The Debtor shall file post-confirmation quarterly reports until this case is converted, dismissed or closed pursuant to § 1106(a)(7) of the Bankruptcy Code and Bankruptcy Rule 2015(a)(5).

28.    The Debtor is authorized, ordered and instructed to execute, deliver, file or record such contracts, instruments, releases, indentures and other agreements or documents and take such actions as may be reasonably necessary or appropriate consistent with the language of the Plan to effectuate, implement and further evidence the terms and conditions of the Plan without further Order of this Court.

29.    This Court retains jurisdiction of these proceedings pursuant to and for the purposes of §§ 105(a) and 1127 of the Bankruptcy Code and for the following purposes:

       (a)    To hear and determine any and all objections to or applications concerning the allowance, classification, priority, compromise, estimation, or payment of any Claim;

       (b)    To hear and determine any all applications for payments of fees and expenses made by any professional pursuant to §§ 330 or 503 of the Bankruptcy Code, or for payment of any other fees or expenses authorized to be

paid or reimbursed under the Bankruptcy Code, and any and all objections thereto;

(c)     To hear and determine pending applications for the rejection, the assumption, or the assumption and assignment of unexpired leases and executory contracts and the allowance of Claims resulting therefrom, and to determine the rights of any party in respect of the assumption or rejection of any executory contract or unexpired lease;

(d)     To hear and determine any and all adversary proceedings, applications, or contested matters, including any remands or appeals;

(e)     To hear and determine all controversies, disputes, and suits which may arise in connection with the execution, interpretation, implementation, consummation, or enforcement of the Plan or in connection with the enforcement of any remedies made available under the Plan;

(f)     To liquidate any disputed, contingent, or unliquidated Claims, including Deficiency Claims;

(g)     To approve compromises or settlements of Claims or other disputes;

(h)     To hear and determine matters concerning state, local and federal taxes in accordance with §§ 346, 505 and 1146 of the Bankruptcy Code;

(i)     To ensure that distributions to holders of Allowed Claims are accomplished as provided in the Plan;

(j)     To enforce the automatic stay of § 362(a) and the injunctions established by § 524(a) and this Plan, and to award damages for any violation thereof;

(k)     To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked, modified, or vacated;

(l)     To enter and implement such orders as may be necessary or appropriate in furtherance of confirmation, implementation, or consummation of the Plan;

(m)     To enable the Debtor to prosecute any and all proceedings which may be brought to set aside liens or encumbrances and to recover any transfers, assets, properties or damages to which the Debtor may be entitled under applicable provisions of the Bankruptcy Code or any other federal, state or local laws, including causes of action, controversies, disputes and conflicts between the Debtor and any other party, including, but not limited to, any objections to

Claims, suits for avoidance and recovery of preferences or fraudulent transfers, and suits for equitable subordination of Claims;

(n)    To consider any modification of the Plan pursuant to § 1127 of the Bankruptcy Code, to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(o)    To hear and determine all disputes involving the existence, nature or scope of the Debtor's discharge;

(p)    To enter and implement such orders as may be necessary or appropriate to execute, interpret, implement, consummate, or enforce the terms and conditions of the Plan and the transactions contemplated under the Plan;

(q)    To hear and determine any other matter not inconsistent with the Bankruptcy Code and Title 28 of the United States Code that may arise in connection with or related to the Plan; and,

(r)    To enter a Final Decree closing the Chapter 11 case.

30.    Counsel for Debtor shall have twenty-one (21) days from the date of this Order within which to file its final application for payments of fees and expenses pursuant to §§ 330 or 503 of the Bankruptcy Code.

DATED this _6_ day of November 2013 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Robert A. Heekin, Jr., Esq. is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.
320

# Exhibit A

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## <u>JACKSONVILLE DIVISION</u>

| | | |
|---|---|---|
| In re | ) | |
| MARILYN M. HOLLAN, | ) | Case No.   3:12-bk-2937-JAF |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |

## <u>AMENDED CHAPTER 11 PLAN OF REORGANIZATION</u>

Robert A. Heekin, Jr., Esq.
**Stutsman Thames & Markey, P.A.**
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rah@stmlaw.net

Attorneys for Marilyn M. Hollan

Date:   December 26, 2012

# Article I

## Introduction

Marilyn M. Hollan ("Debtor"), proposes this plan of reorganization (the "Plan") pursuant to the provisions of 11 U.S.C. § 1123.

# Article II

## Definitions

Unless the context otherwise requires, the following terms shall have the following meanings when used in initially capitalized form in this Plan (as hereinafter defined). Such meanings shall be equally applicable to both the singular and plural forms of such terms. Any term used in capitalized form that is not defined in this Plan but that is defined in the Bankruptcy Code or Bankruptcy Rules shall have the meaning ascribed to such term in the Bankruptcy Code or Bankruptcy Rules.

**2.1** **Administrative Expense:** Means (a) any cost or expense of administration of the Bankruptcy Case under § 503(b) of the Bankruptcy Code including, but not limited to, any such cost or expense constituting (1) an actual and necessary post-petition cost and expense of preserving the Estate or operating the business of the Debtor, (2) a post-petition cost, indebtedness or contractual obligation duty and validly incurred or assumed by the Debtor in the ordinary course of business, (3) a payment that is to be made under this Plan to cure defaults on executory contracts and unexpired leases, and (4) compensation or reimbursement of an expense to the extent allowed by the Bankruptcy Court under §§ 330(a) or 331 of the Bankruptcy Code, and (b) any fee or charge assessed against the Estate under 28 U.S.C. § 1930.

**2.2** **Allowed Claim:** A right against the Debtor within the meaning of § 101(5) in respect of which a proof of claim has been filed with the Court within the period of limitation fixed by Bankruptcy Rule 3003 or scheduled in the list of creditors prepared and filed with the Bankruptcy Court pursuant to Bankruptcy Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, and in either case as to which no objection as to allowance or amount thereof has been raised within the applicable period of limitation fixed by Rule 3001 or an order of the Bankruptcy Court or local rule, or as to which any such objection has been determined by a Final Order. Unless otherwise specified in the Plan or in a Final Order allowing such Claim, "Allowed Claim" shall be net of any valid setoff exercised with respect to a Claim and shall not include (a) interest on the amount of such Claim accruing from and after the Petition Date, (b) punitive or exemplary damages or (c) any fine, penalty or forfeiture.

**2.3** **Allowed Amount:** Means the dollar amount in which a Claim is Allowed. No Amount shall be Allowed for or on account of punitive damages, penalties

-2-

or post-petition interest on account of any Claim except as otherwise expressly specified in this Plan or provided by Final Order.

**2.4    Allowed Secured Claim:**    An Allowed Claim against the Debtor for which a claimant asserts and is determined to hold a valid, perfected and enforceable lien, security interest or other interest of encumbrance in property in which the Debtor has an interest and which is not otherwise subject to avoidance or the equitable powers of the Bankruptcy Court under applicable bankruptcy law or nonbankruptcy law, but in any event only to the extent of the value, determined by consent or in accordance with § 506(a) of the Bankruptcy Code, of the claimant's interest in the Debtor's interest in the property.    Allowed Secured Claim shall not include post-petition attorney fees and costs unless such fees and costs have been approved and allowed by Final Order prior to the Confirmation Date.

**2.5    Allowed Unsecured Claim:**    An Allowed Claim for which a claimant has not asserted or is determined by a Final Order not to hold an Allowed Secured Claim or a Claim entitled to priority under the Bankruptcy Code.

**2.6    Ballot:**    The form or forms distributed to claimants in impaired classes on which such persons may indicate the acceptance or rejection of the Plan.

**2.7    Bankruptcy Code:**    Title 11, United States Code.

**2.8    Bankruptcy Court:**    The United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division.

**2.9    Bankruptcy Rules:**    The Federal Rules of Bankruptcy Procedure, as adopted by the Supreme Court of the United States pursuant to 28 U.S.C. § 2075, and the Local Bankruptcy Rules as adopted by the Bankruptcy Court for the Middle District of Florida.

**2.10    Bar Date:**    The date fixed by court order for filing Proofs of Claim.    By notice dated May 3, 2012 [Docket No. 10], the Bar Date for non-government claimants to file Proofs of Claim was established as August 28, 2012; the Bar Date for government agencies to file Proofs of Claim was established as October 29, 2012.

**2.11    Causes of Action:**    All causes of action of any kind held at any time by the Debtor against any party or parties, including, without limitation, all causes of action held by the Debtor as of the Filing Date, all causes of action held by the Debtor arising after the Filing Date, and including any rights arising under §§ 362(b), 542, 544, 545, 547, 548, or 549 of the Bankruptcy Code.

**2.12    Claim:**    A right against the Debtor within the meaning of § 101(5) of the Bankruptcy Code, including any right to payment or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against the Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent,

-3-

mature, unmatured, disputed, undisputed, legal, secured or unsecured. In accordance with § 502(b) of the Bankruptcy Code, the amount of all Claims against the Debtor shall be calculated and determined as of the Petition Date.

    **2.13**   **Class:**  A category of Claims, as classified in this Plan.

    **2.14**   **Collateral:**  Any property or interest in property of the Estate subject to a lien or security interest to secure the repayment of a Claim, which lien or security interest is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable law.

    **2.15**   **Confirmation Date:**  The date upon which the Bankruptcy Court, pursuant to § 1129 of the Bankruptcy Code, enters an order confirming the Plan in accordance with the appropriate provisions of Chapter 11 of the Bankruptcy Code.

    **2.16**   **Confirmation Order:**  The order entered by the Bankruptcy Court confirming the Plan.

    **2.17**   **Debtor:**  Marilyn M. Hollan, the debtor in possession herein and the proponent of this Plan. The terms "Debtor" and "Hollan" are used interchangeably throughout this Plan.

    **2.18**   **Deficiency Claim:**  An Unsecured Claim asserted by a holder of an Allowed Secured Claim for any shortfall in the value of its Collateral. All Deficiency Claims shall be measured by and Allowed only to the extent of the difference between the Allowed Claim and the fair market value of the Collateral which secures such Claim.

    **2.19**   **Disclosure Statement:**  The Disclosure Statement filed with the Court, including exhibits and any supplements, amendments or modifications thereto, prepared pursuant to 11 U.S.C. §§ 1125(a) and 1126(b) and Rule 3018(b) for solicitation and acceptance of this Plan.

    **2.20**   **Disputed Claim:**  A Claim that has not been allowed by a Final Order of the Bankruptcy Court as to which (a) a Proof of Claim has been filed with the Bankruptcy Court, or is deemed filed under applicable law or order of the Bankruptcy Court and (b) an objection to the allowance thereof has been or may be filed within the applicable period of limitation fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court and any such objection has not been (1) withdrawn, (2) overruled or denied in whole or part by a Final Order of the Bankruptcy Court or (3) granted in whole or part by a Final Order of the Bankruptcy Court. For purposes of this Plan, a Claim that has not been allowed by a Final Order of the Bankruptcy Court shall also be considered a "Disputed Claim", whether or not an objection has been or may be filed within the applicable period of limitation fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court, if (A) the amount of the Claim specified in the Proof of Claim exceeds the amount of any corresponding Claim scheduled in the Schedules, (B) the classification of the Claim specified in the Proof of Claim differs from the classification of any corresponding Claim scheduled in the Schedules, (C) any

corresponding Claim has been scheduled in the Schedules as disputed, contingent or unliquidated, (D) no corresponding Claim has been scheduled in the Schedules or (E) such Claim is reflected as unliquidated or contingent in the Proof of Claim filed in respect thereof.

**2.21  Effective Date:**  The date 30 days following the date upon which the Confirmation Order is no longer subject to appeal or certiorari proceedings, or in the event of an appeal, upon which an order confirming the Confirmation Order becomes final and is no longer subject to further appeal or certiorari proceedings or such other earlier date as the Debtor may elect.

**2.22  Estate:**  The bankruptcy estate created pursuant to § 541 of the Bankruptcy Code.

**2.23  Final Order:**  An order or judgment of the Bankruptcy Court that has not been reversed, modified, amended or stayed, and the time for appeal from which to seek review or certiorari or rehearing of which has expired, and as to which no appeal, review or rehearing is pending, and has become conclusive of all matters adjudicated thereby and is in full force and effect.

**2.24  Impaired Class:**  A class of Claims which is impaired under § 1124 of the Bankruptcy Code.

**2.25  Initial Distribution Date:**  The first business day of the first month after the Effective Date, or such other date on or after the Effective Date as the Debtor may elect.

**2.26  Person.**  An individual, partnership, corporation, joint-stock company, unincorporated company or association, business trust, limited partnership or other business entity.

**2.27  Petition Date:**  April 30, 2012, the date on which the Debtor filed her voluntary petition for reorganization.

**2.28  Plan:**  This plan of reorganization in its present form or as may be amended or supplemented.

**2.29  Priority Claims:**  Any Claim entitled to priority pursuant to § 507(a) of the Bankruptcy Code other than Administrative Expenses, excluding § 507(a)(8) Priority Tax Claims.

**2.30  Priority Tax Claim:**  Any Claim entitled to priority pursuant to § 507(a)(8) of the Bankruptcy Code.

**2.31  Proof of Claim:**  Any Proof of Claim filed with the Bankruptcy Court with respect to the Debtor pursuant to Rules 3001 or 3002.

**2.32**   <u>Schedules:</u> The schedules, as amended, of assets and liabilities, lists and statements of financial affairs and executory contracts filed with the Bankruptcy Court by the Debtor under Rule 1007.

**2.33**   <u>Secured Claim:</u>   The Claim of any creditor who holds a lien, security interest or other security as that term is defined by § 101(49)(A) of the Bankruptcy Code and which has been properly perfected by the applicable law and determined in accordance with § 506 of the Bankruptcy Code with respect to the property owned by the Debtor.

**2.34**   <u>Secured Creditor:</u>   Any creditor that is a holder of a Secured Claim.

**2.35**   <u>Unsecured Claim:</u>   Any Claim other than a Priority Claim or a Secured Claim.

**2.36**   <u>Unsecured Creditor:</u>   Any creditor that is a holder of an Unsecured Claim.

## Article III

## Construction

Unless otherwise specified, all section, article and exhibit references in the Plan are to the respective section in, article of, or exhibit to the Plan, as the same may be amended, waived, or modified from time to time. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof. As to contested matters, adversary proceedings, and other actions or threatened actions, this Plan and the Disclosure Statement shall not be construed as a stipulation or admission, but rather, as a statement made in settlement negotiations. The rules of construction set forth in § 102 of the Bankruptcy Code shall apply in construction of this Plan.

## Article IV

## General Purpose of the Debtor's Plan of Reorganization

All Claims shall be dealt with and discharged as provided in this Plan.   The intent of this Plan is to implement the function, purpose, and legislative intent of Chapter 11 of the Bankruptcy Code.

**Article V**

**Classification of Claims and Interests**

All Claims are divided into the 30 classes described below.  A Claim is included in a particular Class only to the extent that the Claim meets the description of that Class and may be included in a different Class to the extent that the remainder of such Claim meets the description of such different Class.  A Claim will receive the treatment described herein only to the extent that it is an Allowed Claim.

**5.1**    **Class 1.**  Allowed Administrative Expense Claims, including Claims for services rendered and costs advanced or incurred by professionals, allowable under the Bankruptcy Code and approved by the Court.

**5.2**    **Class 2.**  Allowed Priority Claims, including domestic support obligations owed as of the Petition Date, which are not Priority Tax Claims.

**5.3**    **Class 3.**  Allowed Priority Tax Claims.

**5.4**    **Class 4.**  The Allowed Secured Claim of Aurora Bank, FSB ("Aurora Bank"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 232.

**5.5**    **Class 5.**  The Allowed Secured Claim of Aurora Loan Services, LLC ("ALS"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 235.

**5.6**    **Class 6.**  The Allowed Secured Claim of BSI Financial Services ("BSI"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 220.

**5.7**    **Class 7.**  The Allowed Secured Claim of BSI Financial Services ("BSI"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 222.

**5.8**    **Class 8.**  The Allowed Secured Claim of Bank of America, N.A. ("BOA"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 205.

**5.9**    **Class 9.**  The Allowed Secured Claim of The Bank of New York Mellon ("BNYM"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 204.

     **5.10**   <u>Class 10</u>.  The Allowed Secured Claim of The Bank of New York Mellon ("BNYM"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 206.

     **5.11**   <u>Class 11</u>.  The Allowed Secured Claim of The Bank of New York Mellon ("BNYM"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 207.

     **5.12**   <u>Class 12</u>.  The Allowed Secured Claim of David B. Hollan, which is secured by (i) a first and second mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 216 and (ii) a second mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 217.

     **5.13**   <u>Class 13</u>.  The Allowed Secured Claim of IberiaBank, which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 217.

     **5.14**   <u>Class 14</u>.  The Allowed Secured Claim of Jacksonville Bank, N.A. ("Jacksonville Bank"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florid, Units 200 - 203.

     **5.15**   <u>Class 15</u>.  The Allowed Secured Claim of Nationstar Mortgage, LLC ("Nationstar"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 233.

     **5.16**   <u>Class 16</u>.  The Allowed Secured Claim of Nationstar Mortgage, LLC ("Nationstar"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 234.

     **5.17**   <u>Class 17</u>.  The Allowed Secured Claim of PNC Bank, N.A. ("PNC"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 228.

     **5.18**   <u>Class 18</u>.  The Allowed Secured Claim of PNC Bank, N.A. ("PNC"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 229.

     **5.19**   <u>Class 19</u>.  The Allowed Secured Claim of PNC Bank, N.A. ("PNC"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 230.

     **5.20**   <u>Class 20</u>.  The Allowed Secured Claim of PNC Bank, N.A. ("PNC"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 231.

5.21     <u>Class 21</u>.    The Allowed Secured Claim of U.S. Bank, N.A. ("U.S. Bank"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 218.

5.22     <u>Class 22</u>.    The Allowed Secured Claim of U.S. Bank, N.A. ("U.S. Bank"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 219.

5.23     <u>Class 23</u>.    The Allowed Secured Claim of U.S. Bank, N.A. ("U.S. Bank"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 221.

5.24     <u>Class 24</u>.    The Allowed Secured Claim of U.S. Bank, N.A. ("U.S. Bank"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 223.

5.25     <u>Class 25</u>.    The Allowed Secured Claim of VyStar Credit Union ("VyStar"), which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Units 208 - 211.

5.26     <u>Class 26</u>.    The Allowed Secured Claim of VyStar Credit Union, which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Units 212 - 215.

5.27     <u>Class 27</u>.    The Allowed Secured Claim of VyStar Credit Union, which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Units 236 - 239.

5.28     <u>Class 28</u>.    The Allowed Secured Claim of VyStar Credit Union, which is secured by a mortgage on the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Units 240 - 243.

5.29     <u>Class 29</u>.    The Allowed Secured Claim of Santandar Consumer USA ("Santandar"), which is secured by a lien on a 2004 Gulfstream Ultra.

5.30     <u>Class 30</u>.    The Allowed Claims of General Unsecured Creditors.


## <u>Article VI</u>

## <u>Impairment of Classes</u>


Classes 4 through 30 are impaired by virtue of § 1124 of the Bankruptcy Code. Classes 1 through 3 are unimpaired and ineligible to vote on the Plan.

## Article VII

### Treatment of Unimpaired Classes

**Class 1.**     **Administrative Claims.**  Administrative Claims, as defined under § 507(a)(1) of the Bankruptcy Code, and as allowed under § 503(b) of the Bankruptcy Code, will be paid in full within 30 days of the Effective Date, or as otherwise agreed between Debtor and the Administrative Expense Claim holder.   All Administrative Expense Claims, excepting Claims for professional fees under § 330 of the Bankruptcy Code, must be filed prior to the Confirmation Date or be forever barred.   Quarterly fees payable to the Office of the United States Trustee will be paid when due in the ordinary course through the entry of the Final Decree, though the Debtor reserves the right to avoid payment of such fees through an administrative closure of the case following confirmation until all Plan payments to Class 28 General Unsecured Creditors are completed.

**Class 2.**     **Priority Claims.**  Priority Claims, other than Priority Tax Claims, shall be paid in full on the Initial Distribution Date, or as otherwise agreed between Debtor and the Claim holder.

**Class 3.**     **Priority Tax Claims.**  Allowed Priority Tax Claims, if any, shall be paid in full in equal monthly installments of principal and interest commencing on the Initial Distribution Date and ending on that date which is 5 years after the Petition Date.

## Article VIII

### Treatment of Impaired Classes

**Class 4.**     **Aurora Bank, FSB.**  On the Petition Date, Debtor was indebted to Aurora Bank in the approximate amount of $108,633.31, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 232.  The property which secures Aurora's Claim has a value of $57,500, which shall constitute Aurora Bank's Allowed Secured Claim.   Aurora Bank's Class 4 Allowed Secured Claim shall be paid in monthly installments of $282.87 over 30 years, which includes interest of 4.75% per annum.   Aurora Bank shall retain its lien until its Class 4 Allowed Secured Claim is paid in full.   Aurora Bank's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

**Class 5.**     **Aurora Loan Services, LLC.**  On the Petition Date, Debtor was indebted to ALS in the approximate amount of $110,570.69, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 235.  The property which secures ALS' Claim has a value of $57,500, which shall

-10-

constitute ALS' Allowed Secured Claim.  ALS' Class 5 Allowed Secured Claim shall be paid in monthly installments of $282.87 over 30 years, which includes interest of 4.75% per annum.  ALS shall retain its lien until its Class 5 Allowed Secured Claim is paid in full.  ALS' Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

Class 6.    **BSI Financial Services.**    On the Petition Date, Debtor was indebted to BSI in the approximate amount of $101,566.62, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 220.  The property which secures BSI's Claim has a value of $57,500, which shall constitute BSI's Allowed Secured Claim.  BSI's Class 6 Allowed Secured Claim shall be paid in monthly installments of $282.87 over 30 years, which includes interest of 4.75% per annum.  BSI shall retain its lien until its Class 6 Allowed Secured Claim is paid in full.  BSI's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

Class 7.    **BSI Financial Services.**    On the Petition Date, Debtor was indebted to BSI in the approximate amount of $100,617.76, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 222.  The property which secures BSI's Claim has a value of $57,500, which shall constitute BSI's Allowed Secured Claim.  BSI's Class 7 Allowed Secured Claim shall be paid in monthly installments of $282.87 over 30 years, which includes interest of 4.75% per annum.  BSI shall retain its lien until its Class 7 Allowed Secured Claim is paid in full.  BSI's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

Class 8.    **Bank of America, N.A..**    On the Petition Date, Debtor was indebted to BOA in the approximate amount of $106,793.08, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 205.  The property which secures BOA's Claim has a value of $57,500, which shall constitute BOA's Allowed Secured Claim.  BOA's Class 8 Allowed Secured Claim shall be paid in monthly installments of $282.87 over 30 years, which includes interest of 4.75% per annum.  BOA shall retain its lien until its Class 8 Allowed Secured Claim is paid in full.  BOA's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

Class 9.    **Bank of New York Mellon.**    On the Petition Date, Debtor was indebted to BNYM in the approximate amount of $112,384.62, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 204.  The property which secures BNYM's Claim has a value of $57,500, which shall constitute BNYM's Allowed Secured Claim.  BNYM's Class 9 Allowed Secured Claim shall be paid in monthly installments of $282.87 over 30 years, which includes interest of 4.75% per annum.  BNYM shall retain its lien until its Class 9 Allowed Secured Claim is paid in full.  BNYM's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

**Class 10.**   **Bank of New York Mellon.**   On the Petition Date, Debtor was indebted to BNYM in the approximate amount of $107,620.58, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 206.  The property which secures BNYM's Claim has a value of $57,500, which shall constitute BNYM's Allowed Secured Claim.  BNYM's Class 10 Allowed Secured Claim shall be paid in monthly installments of $282.87 over 30 years, which includes interest of 4.75% per annum.  BNYM shall retain its lien until its Class 10 Allowed Secured Claim is paid in full.  BNYM's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

**Class 11.**   **Bank of New York Mellon.**   On the Petition Date, Debtor was indebted to BNYM in the approximate amount of $108,157.44, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 207.  The property which secures BNYM's Claim has a value of $57,500, which shall constitute BNYM's Allowed Secured Claim.  BNYM's Class 11 Allowed Secured Claim shall be paid in monthly installments of $282.87 over 30 years, which includes interest of 4.75% per annum.  BNYM shall retain its lien until its Class 11 Allowed Secured Claim is paid in full.  BNYM's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

**Class 12.**   **David B. Hollan.**   On the Petition Date, Debtor was indebted to David Hollan in the approximate amount of $100,000, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Units 216 & 217.  The "equity" which secures Mr. Hollan's Claim is approximately $72,500, which shall constitute Mr. Hollan's Class 12 Allowed Secured Claim.  Mr. Hollan's Class 12 Allowed Secured Claim shall be paid in monthly installments of $391.24 over 30 years, which includes interest of 4.75% per annum.  Mr. Hollan shall retain his liens until his Class 12 Allowed Secured Claim is paid in full.  Mr. Hollan's Deficiency Claim shall be paid as a Class 30 General Unsecured Claim.

**Class 13.**   **IberiaBank.**   On the Petition Date, Debtor was indebted to IberiaBank in the approximate amount of $42,473.94, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 217.  This amount shall constitute IberiaBank's Allowed Secured Claim.  IberiaBank's Class 13 Allowed Secured Claim shall be paid in monthly installments of $208.96 over 30 years, which includes interest of 4.75% per annum.  IberiaBank shall retain its lien until its Class 13 Allowed Secured Claim is paid in full.  IberiaBank's Deficiency Claim shall be paid as a Class 30 General Unsecured Claim.

**Class 14.**   **Jacksonville Bank, N.A.**   On the Petition Date, Debtor was indebted to Jacksonville Bank in the approximate amount of $299,509.37, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Units 200 - 203.  The property which secures Jacksonville Bank's Claim has a value of $210,000, which shall constitute Jacksonville Bank's Allowed Secured Claim. Jacksonville Bank's Class 14 Allowed Secured Claim shall be paid in monthly

installments of $1,095.47 over 30 years, which includes interest of 4.75% per annum. Jacksonville Bank shall retain its lien until its Class 14 Allowed Secured Claim is paid in full. Jacksonville Bank's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

**Class 15.**   <u>**Nationstar Mortgage, LLC.**</u>   On the Petition Date, Debtor was indebted to Nationstar in the approximate amount of $106,050.94, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 233. The property which secures Nationstar's Claim has a value of $57,500, which shall constitute Nationstar's Allowed Secured Claim. Nationstar's Class 15 Allowed Secured Claim shall be paid in monthly installments of $282.87 over 30 years, which includes interest of 4.75% per annum. Nationstar shall retain its lien until its Class 15 Allowed Secured Claim is paid in full. Nationstar's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

**Class 16.**   <u>**Nationstar Mortgage, LLC.**</u>   On the Petition Date, Debtor was indebted to Nationstar in the approximate amount of $108,964.92, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 234. The property which secures Nationstar's Claim has a value of $57,500, which shall constitute Nationstar's Allowed Secured Claim. Nationstar's Class 16 Allowed Secured Claim shall be paid in monthly installments of $282.87 over 30 years, which includes interest of 4.75% per annum. Nationstar shall retain its lien until its Class 16 Allowed Secured Claim is paid in full. Nationstar's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

**Class 17.**   <u>**PNC Bank, N.A.**</u>   On the Petition Date, Debtor was indebted to PNC in the approximate amount of $75,522.94, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 228. PNC's Class 17 Allowed Secured Claim of $52,500 shall be paid in monthly installments, amortized over 30 years at an interest rate of 4.75% per annum. PNC shall retain its lien until its Class 17 Allowed Secured Claim is paid in full. PNC's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

**Class 18.**   <u>**PNC Bank, N.A.**</u>   On the Petition Date, Debtor was indebted to PNC in the approximate amount of $75,730.14, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 229. PNC's Class 18 Allowed Secured Claim of $52,500 shall be paid in monthly installments, amortized over 30 years at an interest rate of 4.75% per annum. PNC shall retain its lien until its Class 18 Allowed Secured Claim is paid in full. PNC's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

**Class 19.**   <u>**PNC Bank, N.A.**</u>   On the Petition Date, Debtor was indebted to PNC in the approximate amount of $75,575.39, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 230. PNC's Class 19 Allowed Secured Claim of $52,500 shall be paid in monthly installments, amortized over 30 years at an interest rate of 4.75% per annum. PNC shall retain its lien

until its Class 19 Allowed Secured Claim is paid in full.   PNC's Deficiency Claim, if
any, shall be paid as a Class 30 General Unsecured Claim.

**Class 20.** **PNC Bank, N.A.** On the Petition Date, Debtor was indebted to
PNC in the approximate amount of $75,785.77, with respect to the real property and
improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 231.  PNC's
Class 20 Allowed Secured Claim of $52,500 shall be paid in monthly installments,
amortized over 30 years at an interest rate of 4.75% per annum.  PNC shall retain its lien
until its Class 20 Allowed Secured Claim is paid in full.  PNC's Deficiency Claim, if
any, shall be paid as a Class 30 General Unsecured Claim.

**Class 21.** **U.S. Bank, N.A.** On the Petition Date, Debtor was indebted to
U.S. Bank in the approximate amount of $99,730.01, with respect to the real property and
improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 218.  The
property which secures U.S. Bank's Claim has a value of $57,500, which shall constitute
U.S. Bank's Allowed Secured Claim.  U.S. Bank's Class 21 Allowed Secured Claim
shall be paid in monthly installments of $282.87 over 30 years, which includes interest of
4.75% per annum.  U.S. Bank shall retain its lien until its Class 21 Allowed Secured
Claim is paid in full.  U.S. Bank's Deficiency Claim, if any, shall be paid as a Class 30
General Unsecured Claim.

**Class 22.** **U.S. Bank, N.A.** On the Petition Date, Debtor was indebted to
U.S. Bank in the approximate amount of $106,623.05, with respect to the real property
and improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 219.  The
property which secures U.S. Bank's Claim has a value of $57,500, which shall constitute
U.S. Bank's Allowed Secured Claim.  U.S. Bank's Class 22 Allowed Secured Claim
shall be paid in monthly installments of $282.87 over 30 years, which includes interest of
4.75% per annum.  U.S. Bank shall retain its lien until its Class 22 Allowed Secured
Claim is paid in full.  U.S. Bank's Deficiency Claim, if any, shall be paid as a Class 30
General Unsecured Claim.

**Class 23.** **U.S. Bank, N.A.** On the Petition Date, Debtor was indebted to
U.S. Bank in the approximate amount of $97,789.23, with respect to the real property and
improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 221.  The
property which secures U.S. Bank's Claim has a value of $57,500, which shall constitute
U.S. Bank's Allowed Secured Claim.  U.S. Bank's Class 23 Allowed Secured Claim
shall be paid in monthly installments of $282.87 over 30 years, which includes interest of
4.75% per annum.  U.S. Bank shall retain its lien until its Class 23 Allowed Secured
Claim is paid in full.  U.S. Bank's Deficiency Claim, if any, shall be paid as a Class 30
General Unsecured Claim

**Class 24.** **U.S. Bank, N.A.** On the Petition Date, Debtor was indebted to
U.S. Bank in the approximate amount of $99,867.21, with respect to the real property and
improvements located at 1188 Gano Avenue, Orange Park, Florida, Unit 223.  The
property which secures U.S. Bank's Claim has a value of $57,500, which shall constitute
U.S. Bank's Allowed Secured Claim.  U.S. Bank's Class 24 Allowed Secured Claim

shall be paid in monthly installments of $282.87 over 30 years, which includes interest of 4.75% per annum. U.S. Bank shall retain its lien until its Class 24 Allowed Secured Claim is paid in full. U.S. Bank's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim

**Class 25.** **Vystar Credit Union.** On the Petition Date, Debtor was indebted to VyStar in the approximate amount of $340,457.92, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Units 208 - 211. The property which secures VyStar's Claim has a value of $230,000, which shall constitute VyStar's Allowed Secured Claim. U VyStar's Class 25 Allowed Secured Claim shall be paid in monthly installments of $1,199.80 over 30 years, which includes interest of 4.75% per annum. VyStar shall retain its lien until its Class 25 Allowed Secured Claim is paid in full. VyStar's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

**Class 26.** **Vystar Credit Union.** On the Petition Date, Debtor was indebted to VyStar in the approximate amount of $361,541.88, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Units 212 - 215. The property which secures VyStar's Claim has a value of $230,000, which shall constitute VyStar's Allowed Secured Claim. U VyStar's Class 26 Allowed Secured Claim shall be paid in monthly installments of $1,199.80 over 30 years, which includes interest of 4.75% per annum. VyStar shall retain its lien until its Class 26 Allowed Secured Claim is paid in full. VyStar's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

**Class 27.** **Vystar Credit Union.** On the Petition Date, Debtor was indebted to VyStar in the approximate amount of $365,039.27, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Units 236 - 239. The property which secures VyStar's Claim has a value of $230,000, which shall constitute VyStar's Allowed Secured Claim. U VyStar's Class 27 Allowed Secured Claim shall be paid in monthly installments of $1,199.80 over 30 years, which includes interest of 4.75% per annum. VyStar shall retain its lien until its Class 27 Allowed Secured Claim is paid in full. VyStar's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

**Class 28.** **Vystar Credit Union.** On the Petition Date, Debtor was indebted to VyStar in the approximate amount of $366,609.95, with respect to the real property and improvements located at 1188 Gano Avenue, Orange Park, Florida, Units 240 - 243. The property which secures VyStar's Claim has a value of $230,000, which shall constitute VyStar's Allowed Secured Claim. U VyStar's Class 28 Allowed Secured Claim shall be paid in monthly installments of $1,199.80 over 30 years, which includes interest of 4.75% per annum. VyStar shall retain its lien until its Class 28 Allowed Secured Claim is paid in full. VyStar's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim.

**Class 29.**    <u>Santandar Consumer USA</u>.  On the Petition Date, Debtor was indebted to Santandar in the approximate amount of $30,795.17, with respect to the financing of a 2004 GulfStream RV, VIN 1FDXE45S03HB89509.  Santandar's Class 29 Allowed Secured Claim shall be paid in monthly installments, amortized over 10 years at an interest rate of 4.75% per annum.  Santandar shall retain its lien until its Class 29 Allowed Secured Claim is paid in full.  Santandar's Deficiency Claim, if any, shall be paid as a Class 30 General Unsecured Claim

**Class 30.**    <u>General Unsecured Claims</u>.  The holders of Allowed Unsecured Claims shall share pro-rata in quarterly installments of $2,500 each over 5 years, commencing on the end of calendar quarter following the Initial Distribution Date (e.g. March 31, June 30, September 30, December 31).

There shall be no distribution on account of Disputed Claim until such objection or dispute is resolved by Final Order.  The Debtor shall, however, reserve funds to make the proportionate distribution to such creditors until such time as all claims objections have been finally determined.  All funds reserved on account of Disallowed Claims shall be distributed pro-rata to the holders of Allowed Unsecured Claims at the conclusion of the claims objection process.

Pursuant to § 502(d) of the Bankruptcy Code, no payments shall be made to any entity from which property is recoverable under §§ 542, 543, 550 or 553 of the Bankruptcy Code or that is a transferee of a transfer avoidable under §§ 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of the Bankruptcy Code, unless such entity or transferee has paid the amount, or turned over any such property from which such entity or transferee is liable under §§ 522(i), 542, 543, 550 or 553 of the Bankruptcy Code. The Claim of any recipient of a payment avoidable under §§ 542, 543, 550 or 553 of the Bankruptcy Code who fails to pay or turnover the amount of the payment to the Debtor within 60 days of a judgment or order avoiding the transfer or requiring such turnover shall be extinguished and forever barred.

## Article IX

### Executory Contracts and Unexpired Leases

Debtor currently leases numerous residential properties to numerous tenants. Those leases will be deemed assumed upon entry of the Confirmation Order. The Debtor's insurance policies, to the extent they are determined to be executory contracts, shall likewise be deemed assumed upon entry of the Confirmation Order. All other leases and contracts not expressly assumed by motion filed prior to the Confirmation Hearing shall be deemed rejected, though Debtor may continue to receive the benefits of any such contract or lease by making voluntary payments to such creditor post-confirmation.

Any party to a contract or lease that claims damages from the rejection of such lease or contract must file a Claim for such damages within 30 days of (i) the rejection of such contract or lease; or (ii) the entry of the Confirmation Order, whichever is earlier, or be forever barred from asserting such Claim. Any timely Allowed Rejection Claim shall be treated as a Class 30 Unsecured Claim.

## Article X

### Special Provisions Concerning Real Estate Taxes

On the Effective Date, the Debtor will establish an interest bearing escrow account for the payment of *ad valorem* taxes. Debtor shall deposit into said account on a monthly basis one-twelfth of the estimated taxes for the year based on the prior years' assessments. To the extent the current mortgages require Debtor to escrow real estate taxes directly with the lender, Debtor shall continue such practice.

## Article XI

### Effect of § 1111(b) Election

Notwithstanding the treatment of Claims as specified in Article VIII above, the Debtor reserves the right to surrender, in complete satisfaction of the Creditor's Allowed Secured Claim, her interest in any Collateral pledged to a Secured Creditor who timely files an election to have its Claim treated in accordance with § 1111(b) of the Bankruptcy Code. The Debtor shall make the abandonment election at the Confirmation Hearing. The surrender shall be accomplished, at Debtor's election, through a deed in lieu of foreclosure or through consent to a foreclosure judgment, with the Debtor maintaining

-17-

the right to occupy, utilize or lease the subject property through the date title is actually transferred.

## Article XII

### Valuation of Secured Claims and Determination of Deficiency Claims

This Plan shall constitute a motion to value secured claims pursuant to § 506 of the Bankruptcy Code. Unless otherwise agreed or determined by the Bankruptcy Court, the Allowed Secured claim of each Secured Creditor shall be the amount(s) set forth in Article VIII above. A Creditor wishing to challenge the Debtor's valuation of its Secured Claim must request a valuation of its Secured Claim by written motion filed at least 10 days prior to the Confirmation Hearing, whereupon the Bankruptcy Court will hold an evidentiary hearing to determine the value of such Creditor's Collateral. The Debtor reserves the right following such valuation hearing to amend this Plan to surrender or abandon any Collateral whose value is determined to exceed her estimate of value.

## Article XIII

### Means of Implementation

The Plan will be funded through the continued rental and sale of her property. Though various avoidance actions may be pursued, funding of the Plan is not dependent on recoveries from avoidance actions. Distributions to creditors shall be handled internally by Debtor; no disbursing agent will be appointed.

## Article XIV

### Modification of the Plan

Debtor may propose amendments or modifications of the Plan at any time prior to confirmation, with leave of the Bankruptcy Court and upon such notice as the Bankruptcy Court may require. After confirmation, Debtor may, with approval of the Bankruptcy Court, and so long as it does not materially or adversely affect the interests of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan, or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan.

## Article XV

## Provisions Governing Distributions

**15.1    Timing**.  Any payments or distributions to be made pursuant to the Plan shall be made on the Initial Distribution Date except as otherwise provided for in the Plan, or as may be ordered by the Bankruptcy Court.  Any payment or distribution by the Debtor pursuant to the Plan, to the extent delivered by the United States Mail, shall be deemed made when deposited into the United States Mail.  Any payment or distribution required to be made hereunder on a day other than a Business Day shall be due and payable on the next succeeding Business Day.

**15.2    Prepayment**.  The Debtor expressly reserves the right, in her sole discretion, to prepay, in full or in part, any obligation created pursuant to the Plan, and no interest shall accrue with respect to the prepaid portion of such obligation from and after the date of such prepayment.  The Debtor may apply for a discharge upon fulfillment of her obligations to Class 30 General Unsecured Creditors.

## Article XVI

## Transfers for Estate Planning Purposes

For liability and estate planning purposes, it may be necessary or advisable for Debtor to transfer her interests in her prepetition rental properties to one or more limited liability companies, family partnerships, trusts or foundations.  Any such transfer shall not constitute a default under the Plan or any prepetition loan document, nor shall such transfer give rise to a right of acceleration or right to demand payment under any prepetition loan document, this Plan or the Bankruptcy Code.

## Article XVII

## Maintenance of Causes of Action

Unless expressly waived or released by the Debtor, Debtor shall retain any cause of action, including but not limited to avoidance or recovery actions under §§ 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code, or may litigate any other causes of action, rights to payments, or Claims that may belong or have belonged to the Debtor.  Persons subject to a successful avoidance action may file a Claim, as appropriate, within such time as is established by the Bankruptcy Court.

Except as expressly provided herein, nothing shall affect the Debtor's rights and defenses, both legal and equitable, with respect to any claim including, without

limitation, all rights against Claims, and the Debtor's failure to object to such Claims in the Chapter 11 case shall be without prejudice to the Debtor's right to contest or defend against such Claims in (i) any appropriate non-bankruptcy forum, or (ii) the Bankruptcy Court.

## Article XVIII

### Conditions Precedent to Occurrence of Effective Date

The Effective Date shall not occur unless and until the following conditions have been satisfied or waived by the Debtor (a) the Confirmation Order shall have been entered, in form and substance acceptable to the Debtor; and (b) the Confirmation Order shall have become a Final Order.

## Article IXX

### Discharge, Release and Effect of Confirmation

Upon completion of all payments to Class 30 General Unsecured Creditors under the Plan, the Debtor will receive a discharge of all pre-confirmation debts, whether or not the creditor files a Proof of Claim, accepts the Plan, or has an Allowed Claim, except as provided in § 1141 of the Bankruptcy Code.

Upon entry of the Confirmation Order, all property of the Estate will vest in the Debtor pursuant to § 1141(b) of the Bankruptcy Code, subject only to the liens and security interests held by the lenders identified in Classes 4 through 29, but free and clear of any and all other liens and encumbrances to secure the payment or repayment of any sum of money or the performance of any obligation.

Payments of, distributions to, and other treatment of the Claims of all creditors provided for in the Plan shall be deemed to be in complete satisfaction, discharge, and release of such Claims.  Any default by the Debtor with respect to any Claim that existed immediately prior to or on account of the filing of the Chapter 11 case shall be deemed cured on the Effective Date.

Pursuant to § 522(c) of the Bankruptcy Code, all property which is exempt on the Petition Date shall not be subject to the Claims of creditors holding prepetition Claims against the Debtor.

Except as otherwise provided herein, all creditors shall be permanently enjoined and precluded from asserting against Debtor, or any of Debtor's assets, any other or further Claim against Debtor or any of Debtor's assets based upon any act or omission,

transaction, or other activity of any kind or nature that occurred prior to the Confirmation Date. Except as expressly provided herein, Debtor shall not be liable for any post-confirmation Deficiency Claims on account of any prepetition Claim. Nothing herein shall be construed as a release of any rights or obligations under the Plan or as an injunction against any action to enforce any rights or obligations under the Plan.

Following confirmation, Debtor shall be entitled to purchase property, incur debt or engage in any investment or business activity which she deems appropriate without the necessity of obtaining Bankruptcy Court approval or modification of the Plan. Any income earned by the Debtor following the entry of the Confirmation Order shall not be deemed property of the Estate.

## Article XX

## Retention of Jurisdiction

**20.1    Jurisdiction**. Pursuant to §§ 1334 and 157 of Title 28 of the United States Bankruptcy Code, the Bankruptcy Court shall retain exclusive jurisdiction of all matters arising in, arising under, and related to the Chapter 11 Case and the Plan, for the purposes of §§ 105(a) and 1142 of the Bankruptcy Code, and for, among other things, the following purposes:

(a)    To hear and determine any and all objections to or applications concerning the allowance, classification, priority, compromise, estimation, or payment of any Claim;

(b)    To hear and determine any and all applications for payments of fees and expenses made by any professional pursuant to §§ 330 or 503 of the Bankruptcy Code, or for payment of any other fees or expenses authorized to be paid or reimbursed under the Bankruptcy Code, and any and all objections thereto;

(c)    To hear and determine pending applications for the rejection, the assumption, or the assumption and assignment of unexpired leases and executory contracts and the allowance of Claims resulting therefrom, and to determine the rights of any party in respect of the assumption or rejection of any executory contract or unexpired lease;

(d)    To hear and determine any and all adversary proceedings, applications, or contested matters, including any remands or appeals;

(e)    To hear and determine all controversies, disputes, and suits which may arise in connection with the execution, interpretation, implementation, consummation, or enforcement of the Plan or in connection with the enforcement of any remedies made available under the Plan;

(f)　　To liquidate any disputed, contingent, or unliquidated Claims, including Deficiency Claims;

(g)　　To hear and determine matters concerning state, local and federal taxes in accordance with §§ 346, 505 and 1146 of the Bankruptcy Code;

(h)　　To ensure that distributions to holders of Allowed Claims are accomplished as provided in the Plan;

(i)　　To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked, modified, or vacated;

(j)　　To enter and implement such orders as may be necessary or appropriate in furtherance of confirmation, implementation, or consummation of the Plan;

(k)　　To enable the Debtor to prosecute any and all proceedings which may be brought to set aside liens or encumbrances and to recover any transfers, assets, properties or damages to which the Debtor may be entitled under applicable provisions of the Bankruptcy Code or any other federal, state or local laws, including causes of action, controversies, disputes and conflicts between the Debtor and any other party, including, but not limited to, any objections to claims, suits for avoidance and recovery of preferences or fraudulent transfers, and suits for equitable subordination of Claims;

(l)　　To consider any modification of the Plan pursuant to § 1127 of the Bankruptcy Code, to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(m)　　To hear and determine all disputes involving the existence, nature or scope of the Debtor's discharge;

(n)　　To enter and implement such orders as may be necessary or appropriate to execute, interpret, implement, consummate, or enforce the terms and conditions of the Plan and the transactions contemplated under the Plan;

(o)　　To hear and determine any other matter not inconsistent with the Bankruptcy Code and Title 28 of the United States Code that may arise in connection with or related to the Plan; and

(p)　　To enter a final decree closing the Chapter 11 case.

**20.2**　　**Abstention and Other Courts**.  If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of or relating to the Chapter 11 case, paragraph 20.1 of the Plan

shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

## Article XXI

## Miscellaneous

**21.1    Disputed Claims.**  Notwithstanding any other provision of the Plan, Disputed Claims shall be paid only upon their allowance and the determination of their priority by the Bankruptcy Court.

**21.2    Objection Deadline.**  As soon as practicable, but in no event later than 90 calendar days after the Confirmation Date, unless otherwise ordered by the Bankruptcy Court, objections to Claims shall be filed with the Bankruptcy Court and served solely upon the holders thereof.

**21.3    Withholding of Taxes.**  The Debtor shall withhold from any assets and property distributed under the Plan any assets or property which must be withheld for foreign, federal, state or local taxes payable with respect thereto or payable by the Person entitled to such assets to the extent required by applicable law.

**21.4    Unclaimed Property.**  Any cash, assets, or other property to be distributed to claimants under the provisions of the Plan that remains unclaimed or otherwise not deliverable to the Person or governmental unit entitled thereto, as of 12 months after the Confirmation Date shall be forfeited by the creditor and shall be disbursed pro-rata to the remaining creditors within the appropriate class.  In such event, such Person's or governmental unit's Claim shall no longer be deemed to be Allowed, and such person or governmental unit shall be deemed to have waived its rights to such payments or distributions under the Plan pursuant to § 1143 of the Bankruptcy Code and shall have no further Claim in respect of such distribution and shall not participate in any further distributions under this Plan with respect to such Claim.

**21.5    Non-Negotiated Check.**  If a holder of an Allowed Claim fails to negotiate a check issued to such holder pursuant to this Plan within 6 months of the date such check was issued, then the amount of cash attributable to such check shall be deemed to be unclaimed property in respect of such holder's Allowed Claim and shall be transferred and delivered to the Debtor to be applied toward the funding of this Plan.  In such event, such holder's Claim shall no longer be deemed to be allowed and such holder shall be deemed to have waived its rights to such payments or distributions under this Plan pursuant to § 1143 of the Bankruptcy Code and shall have no further Claim in respect of such distribution and shall not participate in any further distributions under this Plan with respect to such Claim.

**21.6   Setoffs.** The Debtor may, but shall not be required to, setoff against any Allowed Claim and the distributions to be made pursuant to this Plan on account of such Allowed Claim, claims of any kind or nature that the Debtor may have against the holder of such Allowed Claim. Debtor shall also be entitled to setoff against a Deficiency Claim, or any Claim arising from the Debtor's guaranty of a secured obligation, the value of any collateral securing such Claim, whether or not such collateral is owned by the Debtor. Neither the failure to affect such a setoff nor the allowance of any Allowed Claim against the Debtor shall constitute a waiver or release Debtor of any Claim that the Debtor may possess against such holder.

**21.7   Further Action.** The Debtor is authorized and directed to execute and deliver all documents and take and cause to be taken all action necessary and appropriate to execute and implement the provisions of this Plan, including the delivery of deeds or consents to foreclosure judgments needed to accomplish the surrender of property as contemplated by this Plan.

**21.8   No Post-Petition Interest.** Except as expressly stated in this Plan or otherwise allowed by Final Order of the Bankruptcy Court, no interest, penalties, late charges, attorney fees, or costs arising after the Petition Date are to be Allowed on any Claim.

**21.9   No Attorneys' Fees.** No attorneys' fees shall be paid with respect to any Claim except as specified herein or as allowed by a Final Order of the Bankruptcy Court prior to the Confirmation Date.

**21.10   Further Assurance.** If at any time Debtor shall consider or be advised that any further releases or assurances are reasonably necessary or desirable to carry out the provisions hereof and the transactions contemplated herein, the Debtor or creditors, as the case may be, shall, upon reasonable request, execute and deliver any and all documents and assurances, and do all things necessary or appropriate to carry out fully the provisions of this Plan.

**21.11   Employment of Professionals.** After confirmation, the Debtor is authorized to employ such professionals as it deems appropriate and to compensate them without the further approval of the Court.

**21.12   Compromise.** Following entry of the Confirmation Order, Debtor shall be entitled to compromise or settle all controversies and disputes, including issues pertaining to the allowance of Claims, without the necessity of obtaining Bankruptcy Court approval or compliance with Rule 9019, Federal Rules of Bankruptcy Procedure.

**21.13   Costs of Enforcement.** In the event Debtor is required to initiate litigation or a contested proceeding to enforce the provisions of this Plan against any holder of a Claim, Debtor shall be entitled to recover from such creditor all reasonable attorney fees and costs incurred in such effort, including appellate fees and costs.

**21.14  Section 1146 Exemption:**  Pursuant to § 1146(c) of the Bankruptcy Code, the making or delivery of any instrument of transfer pursuant to, in implementation of, or as contemplated by this Plan, or the revesting, transfer, or sale of any real or personal property of the Debtor pursuant to, in implementation of, or as contemplated by this Plan, shall not be taxed under any state or local law imposing a stamp tax, transfer tax, or similar tax or fee.  This exemption shall apply to any deed in lieu of foreclosure given by Debtor to implement the surrender of property contemplated by this Plan.

**21.15  Withdrawal of Plan.**  At the option of the Debtor, this Plan may be withdrawn at any time prior to the entry of the Confirmation Order.  If such option is timely and properly exercised, the withdrawn plan will be null and void and of no legal effect and the case shall continue and be administered in accordance with the Bankruptcy Code.

**21.16  Discrepancies.**  In the event of any discrepancy between the terms of this Plan and the Disclosure Statement, the terms of this Plan shall control.

**21.17  Default by Debtor.**  A default by the Debtor occurs only when a breach of the terms of this Plan or any mortgage is not cured within 20 days of the receipt by the Debtor of notice of such breach.  The notice must be written and from the party affected by the breach.  A breach that is not timely cured shall be a default under this Plan.  Unless the Debtor has defaulted under this Plan, no Person may proceed with litigation against the Debtor or her property.

**21.18  Financial Covenants.**  To the extent any prepetition loan documents require Debtor to maintain specified loan to value ratios, debt service coverage ratios, occupancy levels, cash balances, interest reserves or the like, such provisions shall be deemed unenforceable.

**21.19  Right to Reinstate Following Acceleration.**  Debtor shall have the right to cure and reinstate any mortgage following default and acceleration by paying to such lender all delinquent payments and reimbursing the lender for all reasonable expenses incurred in connection with the default.  The right of reinstatement may be exercised by Debtor at any time prior to the judicial sale of its Collateral.

**21.20  Satisfaction of Mortgages.**  Secured Creditors shall be required to deliver and record satisfactions of their mortgages and security interests in their Collateral upon payment or satisfaction of their Allowed Secured Claim(s).  In addition to the remedies provided by law, Debtor shall be entitled to the remedy of specific performance against such Secured Creditor to enforce the provisions of this paragraph.

**21.21  Automatic Stay.**  The automatic stay imposed by § 362 of the Bankruptcy Code will remain effective until the Effective Date.  Following the Effective Date, the automatic stay shall be replaced by the discharge injunctions of §§ 524 and 1141(d) of the Bankruptcy Code.

-25-

    **21.22** <u>Notices</u>.    Any notice required hereunder or under the terms of the applicable mortgages shall be in writing, and if by e-mail or facsimile, shall be deemed to have been given when sent, and if mailed shall be deemed to have been given 3 days after the date when sent by registered or certified mail, postage prepaid, and addressed as follows:

|  |  |
|---|---|
| To the Debtor: | Marilyn M. Hollan |
|  | 2405 Stonehaven Court |
|  | Orange Park, Florida 32065 |
|  |  |
| with a copy to: | Robert A. Heekin, Jr., Esq. |
|  | Stutsman Thames & Markey, P.A. |
|  | 50 North Laura Street, Suite 1600 |
|  | Jacksonville, Florida 32202 |

    It shall not be necessary to provide notice of any default under this Plan to counsel following entry of the Final Decree.

**21.23 Successors and Assigns.** The duties, rights and obligations of any Person named or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such Persons.

DATED this _27_ day of December 2012.


_Marilyn M Hollan_
Marilyn M. Hollan


**STUTSMAN THAMES & MARKEY, P.A.**

/s/ Robert A. Heekin, Jr.
By_____
    Robert A. Heekin, Jr.

Florida Bar Number 652083
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rah@stmlaw.net

Attorneys for Marilyn M. Hollan

246

-27-